CONNELL FOLEY
A TRADITION OF LEGAL EXCELLENCE SINCE 1938
Connell Foley LLP
Harborside 5
185 Hudson Street Suite 2510
Jersey City, NJ 07311
P 201.521.1000 F 201.521.0100

**Brendan Judge**
Direct: 973.436.5805
bjudge@connellfoley.com

November 13, 2026

**VIA ELECTRONIC FILING**

The Honorable Zahid N. Quraishi, U.S.D.J.
U.S. District Court for the District of New Jersey
402 East State Street, Courtroom 4W
Trenton, New Jersey 08608

**Re: *Zhewen Hu v. Dr. Yongfeng Zhang and AIOS Foundation***
**Civil Action No. 3:26-cv-11151-ZNQ-JBD**

Dear Judge Quraishi:

Defendants Dr. Yongfeng Zhang ("Dr. Zhang") and AIOS Foundation (the "Foundation")[1] respectfully request a pre-motion conference regarding their anticipated motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

Each of the Complaint's ten counts fails to meet the applicable pleading standards: sale of unregistered securities (Count I), material misstatements in the sale of securities (Count II), securities fraud (Count III), control person liability (Count IV), violation of the New Jersey Uniform Securities Law (Count V), common law fraud (Count VI), negligent misrepresentation (Count VII), violation of the New Jersey Consumer Fraud Act (Count VIII), breach of fiduciary duty/constructive fraud (Count IX), and civil conspiracy (Count X). As a matter of law, the Complaint does not plead that (1) the $AIOS token is a security, (2) Defendants offered or sold $AIOS, or (3) Defendants made any actionable material misrepresentation.

Plaintiff alleges that from January through June 2025, he bought approximately $1 million worth of $AIOS tokens on the open market using Solana's native token, SOL; that promised developments were not delivered; and that he suffered a $1,038,270 net loss. (Compl. ¶¶ 37, 39, 42-43, 56.)

Solana is a public, permissionless blockchain, and SOL is its native currency, used among other things to pay network transaction fees. (Compl. ¶¶ 14-15.) Plaintiff therefore had to buy SOL first and then exchange it for $AIOS on the Solana blockchain—two distinct steps.

---

[1] AIOS Foundation is the name of a website and not a legal entity. Therefore, the AIOS Foundation should be dismissed as a defendant to this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6) because it does not qualify as a party with capacity to be sued under Rules 9(a) and 17(b).

Plaintiff does not allege that Defendants received anything of value from him, that his purchases funded AIOS development, or that Defendants otherwise benefited financially from Plaintiff's purchase (or any other purchaser's purchase) of the tokens on the open market.

**A. <u>$AIOS Is Not a Security as a Matter of Law Because It Fails the Howey Test.</u>** Counts I through V all rest on the allegation that $AIOS is a security. It is not, under either guidance from the Securities and Exchange Commission (the "SEC") or *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298–99 (1946). The March 2026 SEC guidance recognizes five classifications of crypto assets, only one of which is securities. Application of the Federal Securities Laws to Certain Types of Crypto Assets and Certain Transactions Involving Crypto Assets, 91 FR 13716. Because the Complaint alleges that $AIOS is connected to Solana, which the SEC classifies as a digital commodity rather than a security, $AIOS should be classified similarly. (Compl. ¶¶ 14–15; 91 FR 13720 13718.)

$AIOS fails the *Howey* test because there was no (i) common enterprise, (ii) expectation of profits, or (iii) link between any theoretical profits and Defendants' entrepreneurial or managerial efforts. See *Howey*, 328 U.S. at 298–99. *See also SEC v. Binance Holdings Ltd.*, 738 F. Supp. 3d 20, 61–63 (D.D.C. 2024) (rejecting argument that a cryptocurrency was a security under Howey on allegations similar to those here). First, the Complaint does not allege a common enterprise through horizontal commonality—that is, "'a pooling of investors' contributions and distribution of profits and losses on a pro-rata basis among investors.'" *U.S. S.E.C. v. Infinity Grp. Co.*, 212 F.3d 180, 188 (3d Cir. 2000) (quoting *Steinhardt Grp. Inc. v. Citicorp*, 126 F.3d 144, 151 (3d Cir. 1997)). Plaintiff identifies no transaction in which either Defendant received purchaser consideration, and he does not explain how open-market purchases funded the Foundation's research project. The conclusory allegation that "[o]ther purchasers similarly invested money to acquire $AIOS tokens on the open market[]" is insufficient. (Compl.¶ 56.). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]").

Second, the Complaint does not allege that $AIOS purchasers expected profits. *See Steinhardt Grp. Inc. v. Citicorp*, 126 F.3d at 152 (requiring "that the purchaser be attracted to the investment by the prospect of a profit on the investment rather than a desire to use or consume the item purchased[]" (internal citations omitted)). The Complaint offers only the conclusory assertion that the value of $AIOS "rose or fell with the project's success, and purchasers' fortunes were linked through the common token, the promised ecosystem, and the Foundation's control of the project's development." (Compl. ¶ 57.) The Complaint and the tweets it references show otherwise: Defendants explained that $AIOS was created to protect AIOS and the Web3 community from fake AIOS profiles and for AIOS research and development.

Finally, the Complaint does not allege that any theoretical profits would come from Defendants' "entrepreneurial or managerial efforts[.]" *United Hous. Found., Inc. v. Forman*, 421 U.S. at 852. Plaintiff offers no support for his allegation that the value of $AIOS was tied to the success of AIOS research.

B. **Plaintiff Fails to Allege That Defendants Offered or Sold $AIOS.** Even if $AIOS were a security, the Complaint does not allege that Defendants offered or sold it, as Counts I through V require. *See Pinter v. Dahl*, 486 U.S. 622, 642, 647 (1988) (defining one who offers or sells a security under section 12(a)(1) of the Securities Act as "the owner who passed title, or other interest in the security, to the buyer for value" or "the person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner[]"). For a seller who did not pass title, the Third Circuit requires direct and active participation in soliciting the immediate sale. *In re Craftmatic Sec. Litig.*, 890 F.2d 628, 634-37 (3d Cir. 1989).

Plaintiff does not allege that Defendants passed title to him or solicited his purchase out of financial motivation. The tweets referenced in the Complaint show that Defendants never asked followers to buy the token and that their motivation in creating the tokens was to protect AIOS and the Web3 community from fake AIOS profiles and for AIOS research and development. (Compl. ¶ 26; *Pinter*, 486 U.S. at 647 (finding that even "gratuitously urg[ing] another to make a particular investment decision" is not an offer or sale).) The Complaint does not allege that Defendants received any financial benefit from sales of $AIOS; it acknowledges that Defendants "burned" (destroyed) all the tokens they owned.

C. **Plaintiff Fails to Plead with Particularity Any Material Misrepresentation or Incorrect Statement.** Counts II, III, and V through IX sound in fraud or misrepresentation, yet the Complaint merely recites their elements without supporting allegations. See Rule 9(b) (requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake[]"). Plaintiff must identify the precise misconduct charged, using dates, times, places, or other means of injecting precision and substantiation. *Frederico v. Home Depot, Inc.*, 507 F.3d 188, 200-03 (3d Cir. 2007); *see also Temple v. Haft*, 73 F.R.D. 49, 53 (D. Del. 1976) (refusing to accept as compliant with Rule 9(b) "fraud in conclusory legal language parroting the language of the statutes and rule under which the claims are being made[]"). Moreover, the Complaint's fraud allegations are often "mere puffery" or "falling on the side of opinion rather than fact." *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 608–09 (D.N.J. 2016). Others fail to allege that Defendants had no present intent to fulfill their promises when made. *See Patel v. Patel*, No. 21CV1811 (EP) (SDA), 2026 WL 2718546, at *13 (D.N.J. Sept. 10, 2026) (requiring, for a promise to constitute fraud, a showing of present intent not to perform at the time of promise).

For these reasons, Defendants respectfully request a pre-motion conference and leave to move to dismiss the Complaint. Thank you for Your Honor's consideration.

Respectfully submitted,

Brendan Judge